Baltimore and Ohio Southwestern Railroad Co.

*v.*

The People *ex rel.* James Allen, County Collector.

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. Contracts—*when agreement is not a contract until reduced to writing.*  If the parties make the reduction of an agreement to writing and the signing thereof by them a condition precedent to its completion, the agreement will not be a contract until such condition is performed.

2. Same—*conditional acceptance of bid for school house does not create an immediate indebtedness.*  The acceptance by a school board of a bid for a school house does not, of itself, create an immediate indebtedness, where it is shown that the bid was accepted upon the understanding that a contract "acceptable to the board" should be signed at a future date, and that the contract, which was subsequently signed, was broader in its scope than was contemplated by the terms of the bid.

3. Taxes—*when objection to tax for "building purposes" should be sustained.*  If it is conceded that a contract for school house is largely in excess of the five per cent of the taxable value of the property in the district, and that the purpose of a tax levy for "building purposes" was to pay the debt so incurred, an objection to such tax should be sustained on application for judgment of sale, whether the levy of the tax was made before or after the contract was executed by the parties.

4. Same—*tax to pay principal and interest on bonds is independent of taxes for "building" or "educational" purposes.*  The provision of section 12 of article 9 of the constitution, which requires municipal officers incurring any indebtedness to provide for a direct annual tax sufficient to pay the interest and principal in twenty years, is self-executing, and the tax so provided for does not fall within the items of expenses for "educational" or "building" purposes mentioned in section 202 of the School law, even though levied to pay interest and principal on school house bonds.

5. Same—*when tax for principal and interest on bonds is improperly disallowed.*  If a tax levied for interest and principal on bonds has been paid, and no objection to such tax was made on application for judgment of sale involving other taxes which were objected to, it is error for the court to disallow such tax.

Appeal from the County Court of Clinton county; the Hon. Joseph Hanke, Judge, presiding.

Edward Barton, Creighton, Kramer & Kramer, and W. T. Bonham, for appellant:

The constitution limits the amount to which a school district may become indebted to five per cent of the total value of the property in the district as ascertained by the last assessment.   Const. art. 9, sec. 12.

The valuation contemplated is that fixed by the local assessor.   *People* v. *Hamill,* 134 Ill. 666.

This prohibits contracting indebtedness in any manner or for any purpose in excess of the amount fixed and regardless of the time of payment.   *Culbertson* v. *Fulton,* 127 Ill. 30; *Springfield* v. *Edwards,* 84 id. 626.

An indebtedness is created when a contract for the payment of money is entered into.   *Springfield* v. *Edwards,* 84 Ill. 626; *Culbertson* v. *Fulton,* 127 id. 30.

An offer from a contractor to a board of education to erect a building according to certain plans and specifications, and its acceptance by the board, constitute a contract, though the agreement may not be formally signed until later.   1 Beach on Contracts, sec. 2, p. 3.

A levy by a board of education has no legal force or effect until filed with the county clerk.   *Weber* v. *Railroad Co.* 108 Ill. 451; *People* v. *Smith,* 149 id. 549.

McGaffigan & Ford, for appellee:

Section 12 of article 9 of the constitution provides that municipalities, school districts, etc., shall not become indebted beyond five per cent, and before becoming indebted they shall, at the time or before, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay the principal within twenty years.   This provision is self-executing, and provides that the municipality, etc., shall make this levy, and is of itself a sufficient rule by means of which the duty imposed may be enforced.   No legislation is necessary to make it effectual, and *mandamus* will lie to enforce the levy of a tax sufficient to pay it,

no matter what the limitation fixed by the legislative act may be. *East St. Louis* v. *People*, 124 Ill. 655.

This tax is wholly and entirely separate from the legislative act allowing a levy of two and one-half per cent for school and two and one-half per cent for building purposes, fixed by the act of 1899.   Laws of 1899, p. 350.

The legislature did not intend the tax to be levied under the constitution, for interest and sinking fund should be embraced in the act. *People* v. *Railway Co.* 186 Ill. 139.

Mr. Chief Justice Wilkin delivered the opinion of the court:

This is an appeal from the county court of Clinton county to reverse a judgment rendered in favor of the county collector of that county for a part of the school taxes levied in school district No. 3, assessed against the railroad property of appellant.  In January, 1900, the voters of that district authorized the school board to purchase a site, build a school house to cost not to exceed $20,000, and issue bonds in that sum to pay for the same. This amount being in excess of the limit fixed by the constitution and statute, only $10,500 of the bonds were sold, the district realizing therefor $11,355.75.  On July 30, 1900, $700 of this sum was paid for a lot upon which the school house was to be built.   On August 7, at a public letting of the work of constructing the school building, the bid of W. B. Gay was accepted, the contract price being $19,854, and he was ordered to meet the board at a subsequent time and sign a contract.   On the next day, August 8, the tax levy which had been passed by the school board was filed with the county clerk, providing for a levy upon the taxable property of the district of two and one-half per cent for building purposes and two and one-half per cent for school purposes.   Prior to this date a levy of sixty-one one-hundredths per cent for interest and sinking fund had been passed and filed with

the county clerk, the latter being a provision to pay the principal and interest on the above mentioned bonds. The valuation of appellant's property in the district for the year 1900 was $125,518, and the school tax extended against it, under the foregoing levy, was $1319.36. Of this amount it paid $874.74, but refused to pay the remainder of the tax, namely, $544.49, and this amount was returned by the county collector as delinquent. When the collector made application to the county court for judgment against the railroad property, objections were filed by the company, as follows: First, "because levy for educational purposes is in excess of the amount allowed by law;" second, "because levy for building purposes is in excess of amount allowed by law;" third, "because taxes were levied to pay an unconstitutional debt;" fourth, "because objector has paid all taxes legally assessed against it by the school district." Upon the hearing the court rendered judgment against the appellant for $301.03, with penalty and costs, which, in effect, sustained the taxes levied to the extent of two and one-half per cent for educational purposes and two and one-half per cent for building purposes, but refused to sustain it as to the sixty-one one-hundredths per cent for principal and interest on the bonds, which was held to be in excess of the amount authorized by the statute. To reverse that judgment this appeal is prosecuted. The collector assigns cross-errors, insisting that the whole tax should have been sustained.

The principal objection relied upon by counsel for appellant is the third, the contention being, that the indebtedness of the school district incurred for the purpose of building a school house was in excess of five per cent of the taxable property of the district, as shown by the last regular assessment, and therefore illegal and void, and that the two and one-half per cent levied for building purposes, being to pay that indebtedness, is also illegal and void.

The argument of counsel on either side is largely devoted to the question whether the contract to build the school house was actually entered into before the levy was made.   The certificate of levy was filed with the county clerk on August 8.   That act completed the levy, (*St. Louis, Rock Island and Chicago Railroad Co.* v. *People*, 177 Ill. 78,) and the levy must be deemed to have been made as of that date.

On the 7th day of August,—the day before the levy was filed with the county clerk,—the school board accepted the bid of W. B. Gay to construct the school building, the contract price being $19,854.   Counsel for appellant insist the acceptance of that bid must be treated as the incurring of an indebtedness to the extent of the amount thereof, and if this is so, it is conceded by counsel for appellee that the district actually became indebted beyond the constitutional limit before the tax was levied. But they insist that such indebtedness was not incurred until August 25, when the building contract was finally entered into and a bond for the faithful performance of the agreement by the builder approved.   At the time the bid was accepted it was understood between the school board and Gay that a formal building contract was to be signed at a future date, the contract to be "acceptable to the board. of education," and that the contractor would furnish a bond guaranteeing the faithful performance of his contract, to be approved by the board.   On the 25th of that month a contract was executed, from the face of which it appears to be broader in its terms than was contemplated by the terms of the bid.

In the American and English Encyclopedia of Law (vol. 7, 2d ed. p. 140,) it is said: "Many cases occur where parties negotiating a contract contemplate that a formal agreement shall be drawn up and signed.   The question arises, does such a contemporaneous understanding and agreement make the validity of the contract depend upon its being actually reduced to writing

and signed? The true rule may be stated in these words: Where the parties make the reduction of the agreement to writing, and its signature by them, a condition precedent to its completion, it will not be a contract until that is done. And this is true although all the terms of the contract have been agreed upon. But where the parties have assented to all the terms of the contract, the mere reference to a future contract in writing will not negative the existence of a present contract." Here it is apparent that the parties did not, on the day of the acceptance, assent to all the terms of the contract, but the approval of the contract itself was expressly reserved for future action. The contract, when executed, being broader than the proposal or bid, evidences that fact. The parties made the reduction of the agreement to writing, and its signature by them, "a condition precedent to its completion." Therefore, on the date of the acceptance of the bid, which, as has been seen, was conditional, it cannot be said the school district was indebted to the extent of the contract price or beyond the constitutional limit. Moreover, had the acceptance been unconditional and the officers of the municipality refused to enter into the contract, they could not have been compelled to do so, but the remedy of the bidder would have been by an action at law for damages only. (2 Beach on Modern Law of Contracts, sec. 176, citing *People* v. *Campbell,* 72 N. Y. 496.)

If, therefore, the validity of the two and one-half per cent for building purposes depended upon the foregoing question alone, we should not hesitate to hold that the court below properly sustained it. It is admitted, however, that the contract with Gay, whether entered into before or after the levy, was largely in excess of five per cent of the value of the taxable property of the district as ascertained by the assessment for State and county taxes for the previous year, and it is also conceded that the purpose of the levy for building purposes was to pay

that debt.   One of the members of the board of educa-
tion testified: "This two and one-half per cent was in-
tended by the board to go into the new school house
now under construction." Had this been a proceeding in
chancery by the appellant company to enjoin the board
of directors from incurring the indebtedness and from
levying and collecting the tax for the purpose of paying
the same, it would undoubtedly have been entitled to the
relief.   But we understand counsel for appellee to insist,
that even though a bill for injunction would lie, the relief
cannot be obtained in this proceeding.   They cite no au-
thority in support of that position, and no good reason
for sustaining it is suggested.   In a case like this, where
the facts are not controverted, we see no reason why the
relief may not be had upon objections in this proceeding.

We are of the opinion, therefore, that the court below
erred in overruling the objections to the two and one-half
per cent for building purposes.   We also think it erred
in deducting from the levy the sixty-one one-hundredths
per cent assessed to pay the interest upon and principal
of the bonds issued and sold.   First, we do not think
it was the intention of the legislature that such a levy
should be considered by the school officers of a district
in fixing the amount required for "educational" and "build-
ing" purposes, as provided by section 202 of the School
law. (Hurd's Stat. 1899, p. 1555.) That tax is levied under
the provision of section 12 of article 9 of the constitution,
which requires municipal officers incurring any indebt-
edness to provide for the collection of a direct annual
tax sufficient to pay the interest and principal in twenty
years from the time of contracting the same.   That pro-
vision of the constitution is self-executing, and the tax
so levied does not fall within any of the items of expense
or outlay mentioned in section 202, *supra*.   But if it were
otherwise, there was no objection to that levy in the
court below, and counsel admit in their principal brief:
"We concede that the levy for educational purposes should

be sustained, as should also the sixty-one one-hundredths per cent levy for interest and sinking fund.   Both these amounts have been paid." It was error in the court below, after the taxes had been paid, to disallow them in this proceeding.

For the reasons indicated, the judgment of the county court will be reversed and the cause remanded for further proceedings in conformity with the views herein expressed.                                 *Reversed and remanded.*