SHELTON C. BURR, Appellee, *vs.* EDNAH J. BECKLER, Appellant.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. EQUITY—*party cannot make one case by his bill and another by his proofs.* One who alleges in his bill to foreclose a trust deed that the maker of the note was indebted to her husband, and, being so indebted, in consideration thereof made the note, is not entitled, without amendment, to take advantage of proof, if any, that the note was accommodation paper.

2. CONFLICT OF LAWS—*validity of instrument affecting title to land depends upon law of State where land lies.* The validity, construction, force and effect of instruments affecting the title to land depend upon the laws of the State where the land lies; but if the note secured by a trust deed is void, the trust deed, which is intended to secure the note, cannot be enforced.

3. SAME—*validity of contract is determined by the law of the place where it is made.* The validity of a contract is to be determined by the law of the place where it is made, but if a party is not competent to contract, the contract is not valid and will not be enforced in another State in which it would have been valid if made there.

4. BILLS AND NOTES—*note takes effect from time of its delivery.* A note takes effect from the time of its delivery and not from its date, as until the maker parts with the possession and control of the instrument he may cancel it or dispose of it, as he pleases, and the note is not executed until delivered.

5. SAME—*when note must be regarded as made and delivered in Florida.* Where a married woman, having a permanent resi-

dence in Illinois, is temporarily in Florida, and while there receives a promissory note from her husband which he requests her to sign and transmit to him by United States mail, the note must be regarded as made and ·delivered in Florida when the wife signs the note and deposits it in the United States mail in Florida, directed to her husband.

6. SAME—*when note by married woman is void.* The fact that the permanent residence of a married woman is in Illinois, where she has legal capacity to execute a promissory note, does not enable her, while temporarily in another State, to execute a note there contrary to the laws of such State, and a note executed by her under such circumstances is void.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

SAMUEL B. KING, and GEORGE R. MITCHELL, for appellant.

BRYAN, MCCORMICK & WILBER, (W. E. BRYAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Shelton C. Burr, filed his bill in the circuit court of Cook county against Ednah J. Tobey, (now Ednah J. Beckler,) Charles H. Tobey and William E. Church, trustee, to foreclose a trust deed dated March 11, 1905, made by Ednah J. Tobey and Charles H. Tobey, who was then her husband, conveying certain real estate in Chicago to secure a note of that date made by Ednah J. Tobey, payable to her own order five years after date, with interest, and indorsed by her. Ednah J. Tobey answered, alleging that she was induced to execute the note and trust deed by the false and fradulent representation of her said husband, Charles H. Tobey; that Shelton C. Burr had notice of the fraud and was not a *bona fide* assignee of the note,

and that the note and trust deed were void for the reason
that they were executed in the State of Florida while she
was a *feme covert* and incapable by the laws of Florida ·
of executing the same. She also set up the same facts in
a cross-bill, in which she asked the court to enjoin Burr,
Church and Charles H. Tobey from enforcing, or attempt-
ing to enforce, the note or trust deed. The cross-bill was
answered and the cause was heard by the chancellor, who
entered a decree finding that during the month of March,
1905, Ednah J. Tobey was the wife of Charles H. Tobey
and their relations were pleasant; that he was then and for
a long time had been treasurer of the Painter-Tobey-Jones
Company, and also trustee of the estate of his grandmother,
Emeline Ludington, and had the sole management and con-
trol of the trust estate for the benefit of himself and his
father and near relatives; that the note and trust deed were
signed at the request of Charles H. Tobey, who wrote to
his wife in Florida that he was overdrawn at the Painter-
Tobey-Jones Company about $5000; that the boys had dis-
covered it and it was necessary to raise the money, which
could be borrowed from the estate; that the mortgage, if
made, would just about cover his indebtedness to the com-
pany; that as the estate of which he was trustee stood,
the mortgage was about the same as mortgaging to himself,
and there would be no enforcement of the note because he
controlled it; that the statements so made were false and
made to deceive and mislead his wife, and did deceive and
mislead her; that she received no money or consideration
for signing the note and trust deed; that the property was
her own separate estate; that instead of being overdrawn
about $5000 Charles H. Tobey was in reality overdrawn for
an amount between $1400 and $1600, and about that time
he loaned to a woman on whose account his wife after-
wards obtained a divorce for adultery, $1500 or there-
abouts, taking from her a note, which he enclosed in a
sealed envelope, with directions indorsed thereon that in

the event of his death before that of his wife the envelope and contents were to be destroyed without opening; that on or about December 9, 1905, Ednah J. Tobey obtained said divorce in the circuit court of Cook county; that at the time of the false representations Ednah J. Tobey was in the State of Florida and the principal office of the Painter-Tobey-Jones Company was in Chicago, and she had no knowledge that the overdraft did not exceed $1600; that in the divorce suit it was decreed that Charles H. Tobey should assume and pay the trust deed upon the property, and should pay all the taxes and special assessments levied thereon as long as Ednah J. Tobey should remain the owner thereof; that he paid the taxes up to 1908 and the interest up to March, 1908; that on or about January 30, 1908, Ednah J. Tobey caused a written demand to be made upon Charles H. Tobey that he forthwith release the trust deed, to which demand he made no response; that Charles H. Tobey and Shelton C. Burr were engaged together in business and sustained close, confidential relations, and pretended that the note and trust deed were assigned to Burr after said demand, in consideration of a mortgage bond in the amount of $3000 and capital stock of Burr Bros. to the amount of $2200; that no such bond or mortgage for the amount claimed, or for any amount, was ever conveyed to Charles H. Tobey, either individually or as trustee of the estate of E. M. Ludington, nor was any stock assigned to him; that Burr never gave any valuable consideration for the alleged assignment, and had knowledge and notice of facts which upon inquiry would have brought to him knowledge of the defense to the note and trust deed; that the alleged assignment, after said demand, was made for the purpose of defeating the equities of Ednah J. Tobey against the note and trust deed; that Burr was not a *bona fide* holder for value, and that the note and trust deed were executed by Ednah J. Tobey in the State of Florida and the deed was acknowledged and the note delivered there,

and under the laws of Florida the note was void. The original bill was dismissed for want of equity and the injunction prayed for in the cross-bill was granted, and it was ordered that the note and trust deed should be surrendered to be canceled. Shelton C. Burr appealed to the Appellate Court for the First District, and that court, upon a consideration of the errors assigned, concluded, as appears from the opinion filed, that the note was accommodation paper, which, when made in one State to be used in another, is governed by the laws of the latter as to its validity, and if the security was good against Ednah J. Tobey in the hands of Charles H. Tobey, as trustee of the Ludington estate, it was good in the hands of the actual holder by delivery, leaving the question of consideration and transfer between the Ludington estate and Burr to be settled between them, and in that view of the nature of the paper it was unnecessary to consider or discuss the very unsatisfactory and confusing condition of the evidence concerning the consideration for and the circumstances of the alleged assignment of the note from Charles H. Tobey, as trustee of the Ludington estate, to Shelton C. Burr. The court also concluded that the note and trust deed were not invalid because made in Florida while the maker was temporarily in that State, and because the note was dated at Chicago, Illinois, and secured by real estate in this State, and the trust deed recited the residence of the grantors as Chicago, and therefore the Appellate Court reversed the decree and remanded the cause, with instructions to enter a decree of sale on the original bill and to dismiss the cross-bill for want of equity. The Appellate Court granted to the appellant a certificate of importance and an appeal to this court.

The note was not accommodation paper, which is a loan of the maker's credit without restriction as to the manner of its use. (*Miller* v. *Larned,* 103 Ill. 562; 7 Cyc. 723.) Charles H. Tobey represented to his wife that he could

borrow $5000 from the Ludington estate of which he was trustee if she would execute the note and trust deed, and she executed them for the purpose of procuring the loan. The transaction was not different from any other loan of money upon a note and trust deed. If the note had been accommodation paper it would make no difference in this suit, because the facts alleged in the bill were inconsistent with that theory. The bill alleged that Ednah J. Tobey was indebted to Charles H. Tobey, trustee of the Ludington estate, and being so indebted, in consideration thereof made the note, and a party cannot make one case by his bill and another by his proofs. *Rice Co.* v. *McJohn,* 244 Ill. 264; *Chicago, Peoria and St. Louis Railway Co.* v. *Jacksonville Railway Co.* 245 id. 155.

The record contains evidence strongly tending to support the findings of fact in the decree, and as to the fraudulent representations inducing the execution of the note and trust deed it is conclusive. On the question of the *bona fides* of the alleged assignment the evidence was that Shelton C. Burr was president of the corporation of Burr Bros., dealers in oil and mining stocks and promoters of such schemes, and Charles H. Tobey was vice-president of the same corporation, and the stock had no market value. They had their offices in the same suite in the Flatiron building, in New York City. Their relations were very intimate, and the alleged assignment was after the demand that Tobey should comply with the decree which was of record in Cook county. One hundred and fifty shares of the capital stock of Burr Bros. was transferred, but not to Charles H. Tobey, trustee of the Ludington estate, or to the estate, but the transfer was to Helen Tobey, the then wife of Charles H. Tobey. The Cornell mortgage, which was alleged to be part of the consideration, bore no assignment from Burr Bros. While this was the state of the evidence respecting the assignments, if the note was void because executed in

the State of Florida, the decree of the chancellor was in accordance with the law regardless of all other questions.

The validity, construction, force and effect of instruments affecting the title to land depend upon the law of the State where the land lies. (*Harrison* v. *Weatherby*, 180 Ill. 418.) But if the note was void, the trust deed, which was incidental and intended to secure a performance of the obligation created by the note, could not be enforced. It is a universal rule that the validity of a contract is to be determined by the law of the place where it is made, and if it is not valid there it will not be enforced in another State in which it would have been valid if made there. *Stacy* v. *Baker*, 1 Scam. 417; *Sherman* v. *Gassett*, 4 Gilm. 521; *Schuttler* v. *Piatt*, 12 Ill. 417; *McAllister* v. *Smith*, 17 id. 328; *Roundtree* v. *Baker*, 52 id. 241; *Evans* v. *Anderson*, 78 id. 558; *Mineral Point Railroad Co.* v. *Barron*, 83 id. 365; *Gay* v. *Rainey*, 89 id. 221; *Forsyth* v. *Barnes*, 228 id. 326; *Scudder* v. *Union Nat. Bank*, 91 U. S. 406; *Kanaga* v. *Taylor*, 7 Ohio St. 134; *Union Nat. Bank* v. *Chapman*, 169 N. Y. 538; Story on Conflict of Laws, sec. 103; Minor on Conflict of Laws, secs. 72, 168; Westlake on Private Int. Law, sec. 401.

A note takes effect from the time of its delivery and not from its date. Until the maker of a note parts with the possession and control of the instrument he may cancel it or dispose of it as he pleases, and a note is not executed until delivered. The note in this case was made in Florida, and the trust deed was signed at the same time and acknowledged before a notary public of the county of Dade, in that State. Charles H. Tobey had designated the United States mail as the means of transmission of the note and trust deed to him, and Ednah J. Tobey, in compliance with his request, deposited them in the mail in the State of Florida. When the note and trust deed were so deposited, Ednah J. Tobey, the maker, parted with the possession of and lost all control over the papers and all right to re-take

or reclaim them. Under such circumstances the delivery was complete in Florida when the note and trust deed were placed in the mail, directed to Charles H. Tobey, trustee of the Ludington estate. (*Barrett* v. *Dodge,* 16 R. I. 740; *Mitchell* v. *Byrne,* 6 Rich. L. 171; *Kirkman* v. *Bank of America,* 2 Coldw. 397; *Canterbury* v. *Sparta Bank,* 91 Wis. 53; *Garrigue* v. *Kellar,* 164 Ind. 676; 3 Ruling Case Law, 860.) The fact that the domicile of Ednah J. Tobey was in Illinois did not enable her to execute a note in the State of Florida contrary to the laws of that State, under which she was not competent to enter into a contract. In *Forsyth* v. *Barnes, supra,* a man and his wife domiciled in the State of Illinois made in Ohio a note and warrant of attorney authorizing the confession of a judgment. Judgment was taken in Ohio and an action of debt brought on the judgment in Illinois. It was held that the judgment entered on the warrant of attorney was void as against the wife, and subject to attack either directly or collaterally, because she was a *feme covert,* incapable at common law of executing the warrant, and in the absence of proof it would be presumed that the common law was in force in Ohio. The note was payable in Ohio, but that is not a ground of distinction, because the place where the contract is made determines its validity and the place of performance affects only the time, mode and extent of the remedy. The law of the State of performance will govern in determining the rights of the parties and the effect of the contract, but if a party is not competent to make a contract the contract is not valid and will not be enforced anywhere. The application of the rules of law to this case leads to the conclusion that the note was void.

The judgment of the Appellate Court is reversed and the decree of the circuit court affirmed.

*Judgment reversed.*