**Investors Commercial Corp., Appellant, v. John Metcalf and Leah Metcalf, Appellees.**

### Gen. No. 46,968.

First District, Second Division.
February 19, 1957.
Released for publication April 2, 1957.

Laff & Tuber, for appellant; Harry G. Fins, of Chicago, of counsel.

James J. Kilgallon, of Chicago, for appellees.

JUDGE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Municipal Court of Chicago vacating a judgment by confession theretofore entered against the defendants on a certain note. The defendants signed the note in question at their home in Paris, Edgar county, Illinois, and there manually delivered it to an agent of Parliament Appliances, Inc., the payee in said note. The note was negotiated by Parliament Appliances, Inc. to the Investors Commercial Corporation, hereafter referred to as plaintiff, which confessed judgment on the note in the Municipal Court of Chicago. Subsequently the defendants filed a motion to vacate the judgment. The motion was supported by the affidavit of both defendants, which in substance set up that they executed the note at their home in Paris and there delivered it to an agent and representative of Parliament Appliances, Inc. They further state that they did not reside in the city of Chicago, Illinois or Cook county, Illinois either at the time of the entry of the judgment or at the time of the execution of the affidavit, and that they had no property, real or personal, either in the city of Chicago or in Cook county, Illinois.

The plaintiff filed a counter-affidavit in which, in substance, the affiant, Parliament Appliances, Inc., stated that it employed solicitors and salesmen to sell certain equipment throughout the state of Illinois; that such solicitors and salesmen take orders for the equipment and request the intended purchasers to sign a conditional sales contract, note or whatever papers are necessary incidental to the sale of said units; that such papers are then forwarded to the Chicago office for approval and the salesmen or solicitors do not have the authority to complete the sale, which can only be completed in the Chicago office after credit information is received and credit of the proposed purchasers is accepted; that the installment contract and note in question were so handled and were accepted at Chicago, Illinois.

101

On a hearing, the Municipal Court entered an order vacating the judgment and dismissing the proceedings.

The plaintiff's theory is that there was sufficient compliance with the section of the statute applying to confessions of judgment because the note in question was executed in Chicago, since the term "excution" as used in the statute requires both a signing and a delivery, and the delivery to the plaintiff was made in Chicago; and also that since the note on its face bears the printed words "Chicago, Ill." the defendants are estopped to assert a defense against the plaintiff, which was not the original payee of the note.

The Practice Act in section 50 (Ill. Rev. Stat. 1953, chap. 110, par. 174) permits a judgment to be entered by confession "provided, that such application to confess judgment, whether made in term time or vacation, shall be made in the county in which the note or obligation was executed or in the county where one or more of the defendants reside' or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than these herein specified shall have no force or validity, anything in the power to confess to the contrary notwithstanding." It has been held that under the statute where the note has been executed in one county and the judgment by confession entered in another county, unless the defendant either resides in or has real or personal property in the county where the judgment was entered the court lacks jurisdiction of the person of the defendant and the purported judgment is void. Green v. Walsh, 5 Ill.App.2d 535.

■ In confessing a judgment the statute must be strictly complied with. In French v. Willer, 126 Ill. 611, the Supreme Court adopted in toto the opinion of the Appellate Court, in which it is said (pp. 617–618):

102

"The practice of entering judgments in debt on warrants of attorney is very old, so old that the date of its origin is unknown. Chitty says: 'How or when this peculiar security for a debt authorizing a creditor, as it were *per saltum,* to sign a judgment and issue execution, without even issuing a writ, was first invented, does not appear, but it has now become one of the most usual collateral securities on loans of money or contracts to pay an annuity and for debts, but usually accompanied with some other deed or security.' 2 Gen. Prac. 334.

"It was early found that unconscionable advantage was taken of debtors by creditors by means of such warrants of attorney, obtained when the debt was incurred, and when the debtor was hopeful, and executed with harshness against him in the hour of his distress, and the courts were compelled to prescribe rules, and parliament to enact statutes, to limit the operation of such warrants, and restrain the injustice to which the use of them frequently gave rise."

■ The plaintiff contends that this was a conditional delivery of the note by the defendants and that delivery did not take place until there was an acceptance by virtue of some practice in the company, which was not known to the defendants at the time they made manual delivery of the note. A delivery may be conditional in the sense that it is to take effect only on the happening of a future contingency, and in order for the delivery to be conditional it must appear that there was a mutual understanding that the instrument was to be ineffective until the performance of the condition. (10 C.J.S. Bills and Notes, sec. 79.) In all the cases which have come to our notice the condition is one which was imposed by the maker.

In Burr v. Beckler, 264 Ill. 230, it was held that a note is not executed until delivered (cf. George v. Haas, 311 Ill. 382, with reference to the meaning of

"executed"); and in the Burr case it was held that when a maker parts with possession and loses all control over the papers and all right to retake or claim them it is a valid delivery. In George v. Haas, 229 Ill. App. 648, (reversed on other grounds in George v. Haas, supra), the court holds that the note having been retained after it was received, the acceptance must be deemed to have been at the place of delivery since it was there that the maker lost control over it. The question of acceptance ordinarily arises only where there has been a conditional delivery in the proper legal sense by the maker. There was a legal delivery of the note in question at Paris, Illinois.

██ The plaintiff also contends that because the date line of the note was "Chicago, Ill., July 16, 1955" the defendants are estopped from contending that the note was not executed in Chicago. There is nothing in the record to indicate that this question was raised or argued in the lower court, and since it was not it cannot be urged here. People ex rel. Mitchell v. Engle, 313 Ill. 483, 490; Rodenkirk v. State Farm Mutual Auto Ins. Co., 325 Ill. App. 421, 441; Oliver v. Retirement Bd. of Municipal Employees, 311 Ill. App. 38, 45. However, had the question of estoppel been properly raised in the trial court, it could have been disregarded inasmuch as it was admitted that the note was signed and manually delivered in Paris, Illinois, and there is no indication anywhere in the record that the plaintiff was prejudiced by the fact that the date line of the note carried the words "Chicago, Ill." The counter-affidavit filed was made by the original payee of the note, Parliament Appliances, Inc. No affidavit was filed by the plaintiff and there is nothing before us to indicate that the plaintiff did not have full knowledge of the circumstances surrounding the execution of the note. The necessary elements involved in an estoppel are not present. Beasley v. American Surety Co., 243 Ill. App. 447. We express no opinion as to the efficacy

104

of an estoppel in a case of this character, even though it had been properly raised and possessed all the necessary elements.

No reply brief was filed by the plaintiff. While a reply brief is not required under the rules of the court, it is helpful in that it enables the reviewing court to have before it a full and complete presentation of all material questions of law and fact involved in the case.

■ Here the note was signed and legally delivered in the city of Paris, Illinois, and consequently was there executed. It is admitted that the defendants at the time the judgment was entered resided there and that they owned no personal or real property in the city of Chicago or county of Cook. Under the statute, judgment could not have been confessed in the Municipal Court of Chicago. The judgment was void and the trial court properly vacated it and dismissed the proceedings. The order of the Municipal Court of Chicago vacating the judgment is affirmed.

Order affirmed.

ROBSON, P. J. and SCHWARTZ, J., concur.