NATIONWIDE COMMERCIAL COMPANY, Plaintiff-Appellant, *v.* GERALD T. KNOX *et al.*, Defendants-Appellees.

(No. 57440; )

First District (4th Division)—January 31, 1973.

Roy J. Solfisburg, Jr., and Noel C. Davis, both of Aurora, for appellant.

Mayer, Brown & Platt, of Chicago, (Franklin P. Auwarter and Richard Lawrence, of counsel,) for appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal by plaintiff from an order vacating and setting aside a judgment by confession entered against the defendants. Said judgment was vacated on the grounds that the court lacked jurisdiction over the defendants in that the contract sued on was not executed in Cook County as required by Illinois Revised Statutes, 1971, Chapter 110, Section 50(3). The statute involved recites the following:

> "Any person for a debt bona fide due may confess judgment by himself or attorney duly authorized, without process. The application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity, anything in the power to confess to the contrary notwithstanding."

On November 19, 1971, a judgment by confession was entered against the defendants in the Circuit Court of Cook County in the amount of $48,057.38. Defendants entered their special appearance and filed a motion in the trial court to vacate the judgment on the grounds that the contract was not executed in Cook County. The motion was supported by an affidavit.

In support of their motion, the defendants alleged that they contracted to buy certain equipment from A to Z Rental, a corporation doing business in Chicago, Illinois, under an installment contract and securities agreement which was mailed to them at their home in Elyria, Ohio. They signed the agreement and delivered it to A and Z Rental by placing it in the mail in Elyria, Ohio. The defendants alleged further that they owned no property and did no business in Cook County, and never resided there. The interest of the seller, A to Z Rental, Inc., in the contract was subsequently conveyed to Nationwide Commercial Company, plaintiff herein. The terms and conditions of that assignment are immaterial and of no significance for purposes of this appeal.

In opposition to defendants' motion to vacate, an affidavit was filed by Donald Dix, Treasurer of A to Z Rental, alleging that the place of business of A to Z Rental was located at 201 North Wells Street, Chicago, Illinois, and that the affiant had signed and accepted the Installment Sales Contract involved herein on behalf of A to Z Rental on June 9, 1969 in Chicago, Illinois.

The Installment Sales Contract contained a confession of judgment clause, which permitted the plaintiff to confess a judgment against the defendants for amounts due if payments were not made. The contract also contained the following language located, in capital letters and bold type, directly above the place for defendants' signatures:

"This contract shall not be binding upon seller or become effective until and unless accepted on behalf of seller by seller's president, vice president or treasurer in writing at Chicago, Illinois."

The sole question for us is whether the Installment Sales Contract which contained the confession of judgment clause was "executed" in Cook County, Illinois.

It is plaintiff's position that the defendants' signing of the contract and placing it in the mail in Ohio did not constitute the execution of the contract, since by its terms, the contract clearly stated that it would not be effective until signed by A to Z in Chicago. It is urged that the signing in Chicago was the final act necessary to render the contract "executed." Plaintiff argues that where the parties to a contract make the signing of the contract a condition precedent to its completion, the

contract, and any provisions or clauses therein, is not binding until that condition is performed.

The defendants, on the other hand, claim that the contract, having been signed by them and deposited in the mail in Ohio, was not "executed" in Cook County as required by statute when confessing a judgment.

■■ We think basic contract law supports the plaintiff's position that the contract was executed in Cook County. The record clearly establishes that the defendants signed a contract which specifically provided that it would not be effective until accepted and signed in Chicago by a representative of A to Z Rental. The provision was located, in capital letters and bold type, directly above where the defendants placed their signatures. There is no contention that the defendants were not aware of the provision or that they did not assent to it.

■ It is elementary that the language of the instrument can govern the mode of acceptance required. As stated in *Baltimore & Ohio Southwestern R.R. Co. v. People ex rel. Allen,* 195 Ill. 423, 428, 63 N.E. 262, 263.

"Where the parties make the reduction of the agreement to writing, and its signature by them, a condition precedent to its completion, it will not be a contract until that is done."

The following language is found in *Brophy v. City of Joliet,* 14 Ill.App.2d 443, 453, 144 N.E.2d 816, 821:

"Appellants had a perfect right to designate the manner in which its proposal should be accepted. They did so, stating that in order to constitute a contract the proposal must not only be accepted, but the acceptance must be signed. Having so provided and specified, no other form of acceptance would be effective to bind appellants. Where an offer requires an acceptance to be in writing, no other form of acceptance can be made."

The proposal sent to the defendants in Elyria, Ohio, was in fact an offer by the defendants to purchase certain merchandise from A to Z Rental, Inc. The offer was accepted, as provided in the contract, in writing by the seller's representative in Chicago, Illinois. The final act necessary to render the contract "executed" took place at that time and not before. Surely, no one would contend that the defendants could have sustained a successful suit for specific performance of the contract prior to plaintiff's signing it. We hold, therefore, that the contract was "executed" in Cook County.

Much reliance is placed by defendants on the cases of *Solem Machine Co. v. Georgia Lumber & Veneer Co.,* 18 Ill.App.2d 547, 152 N.E.2d 626, and *Investors Commercial Corp. v. Metcalf,* 13 Ill.App.2d 99, 140 N.E.2d

924, for the proposition that where a contract is retained by a seller, delivery of such contract is considered to have occurred at the time and place where the buyer delivered it since it was there that the buyer lost control of it. A careful examination of these two cases clearly shows that they do not apply to the facts in the instant case. Both *Solem* and *Investors* involved promissory notes, which generally require the signature of only one party, rather than contracts, which require the signatures of both parties. Moreover, in neither case was there a provision that the note would not be binding or effective until accepted by the payee in writing at a particular place.

For the reasons stated herein, the decision of the trial court vacating plaintiff's judgment by confession should be reversed and the judgment reinstated.

Reversed and remanded with directions.

DIERINGER and ADESKO, JJ., concur.