2024 IL App (1st) 231779-U

No. 1-23-1779

Order filed December 26, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| ANTHONY J. BOTTALLA and the ANTHONY J. BOTTALLA TRUST u/t/a July 7, 1999, A REVOCABLE TRUST, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 22 L 010438 |
| DANIEL SERPE and DONALD SERPE, | ) ) ) | Honorable John J. Curry, Jr., |
| Defendants-Appellants. | ) ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We reverse the judgment of the circuit court of Cook County where the commercial guaranty and promissory note were not executed in Cook County pursuant to section 2-1301(c) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301(c) (West 2022)), and we find that the judgment by confession is void.

¶ 2     Plaintiffs, Anthony J. Bottalla and the Anthony J. Bottalla Trust u/t/a July 7, 1999, a

Revocable Trust (collectively, "Bottalla"), brought a complaint for judgment by confession in the

circuit court of Cook County based on a commercial guaranty and promissory note executed by

defendants Daniel Serpe and Donald Serpe (the "Serpes"). Bottalla contended that the Serpes failed to pay the amount due on the promissory note. Pursuant to the terms of the commercial guaranty, any attorney was permitted to confess judgment for the amount due on behalf of the Serpes. Bottalla attached an affidavit from an attorney confessing to the allegations in the complaint and the circuit court entered judgment in favor of Bottalla in the amount of $700,000.

¶ 3    Four months later, the Serpes filed a motion pursuant to section 2-1401(f) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022)) to vacate the judgment by confession as void. The Serpes maintained that pursuant to section 2-1301(c) of the Code (735 ILCS 5/2-1301(c) (West 2022)), the judgment by confession could not be entered in the circuit court of Cook County because the Serpes resided in Maricopa County, Arizona, and the commercial guaranty and promissory note were executed in Maricopa County. The circuit court denied the motion to vacate.

¶ 4    The Serpes now appeal, contending that the court erred in denying their motion to vacate the judgment where Cook County was not the proper venue for the confession of judgment action pursuant to section 2-1301(c). The Serpes maintain that the agreement was executed in Maricopa County, Arizona, because that is where they signed the guaranty and note and placed the documents into the mail. The Serpes assert that the circuit court's judgment is therefore void and we should instruct the circuit court to dismiss the case with prejudice.

¶ 5                              I. BACKGROUND

¶ 6    According to Bottalla's complaint for confession of judgment, on December 30, 2016, the Serpes executed and delivered to First Nations Bank, a commercial guaranty (Guaranty) and a

promissory note (Note) made by Cars 2 Go, Inc. and Dynasty Finance, Inc.[1] The original principal of the Guaranty and Note was $2.5 million. First Nations Bank assigned the Note and Guaranty to Bottalla. Bottalla filed a complaint for confession of judgment on November 21, 2022, contending that the Note and Guaranty were in default in the amount of $700,000. The Note provided that, upon default, all indebtedness would become due and payable in full without notice, presentation, or demand, which had been waived by the Serpes. Bottalla demanded payment of the amount due, but the Serpes had refused to pay.

¶ 7     Bottalla maintained that Note and Guaranty were not given in a "consumer transaction" as that phrase was used in section 2-1301(c) of the Code (735 ILCS 5/2-1301(c) (West 2022)). Bottalla acknowledged that the Serpes were residents of Maricopa County, Arizona, but contended that the Serpes had consented to jurisdiction in Cook County through a clause in the Guaranty.

¶ 8     As relevant here, the Guaranty contained governing law and choice of venue clauses. The governing law clause provided "This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions." The choice of venue clause provided: "If there is a lawsuit, Guarantor agrees upon Lender's request to submit to the jurisdiction of the courts of COOK County, State of Illinois." There was an identical choice of venue clause in the Note.

¶ 9     The Guaranty also included a "confession of judgment" clause that provided:

"Guarantor hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against the Guarantor for the unpaid amount of this Guaranty as evidenced by an affidavit signed by an officer of Lender setting forth

---

[1] The Serpes individually executed separate guarantees, but both signed a single promissory note. For the sake of clarity, we will refer to both the Guaranty and the Note in the singular form.

the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal."[2]

Consistent with that clause, Bottalla attached to their complaint affidavits executed by an attorney on behalf of the Serpes. The affidavits provided that the Serpes confessed to judgment and confessed that the allegations in the complaint were true and that Bottalla sustained the damages alleged therein.

¶ 10    The circuit court entered an order finding that it had subject matter and personal jurisdiction. The court found that Bottalla had presented an affidavit from a competent witness proving the due execution of a power of attorney to confess judgment, that the Serpes, through the affidavit, confessed that the complaint was true and that Bottalla sustained damages as described therein. The court found that the "instrument used is not a consumer transaction and is not a sale, lease, assignment, loan, or other disposition of an item of goods, a consumer service, or an intangible to an individual for purposes that are primarily family or household." The court therefore entered judgment in the amount of $700,000 in Bottalla's favor against the Serpes.

¶ 11    Four months later, on July 26, 2023, the Serpes filed a motion to vacate the judgment by confession pursuant to section 2-1401(f) of the Code. 735 ILCS 5/2-1401(f) (West 2022).[3] The Serpes asserted that the judgment was void pursuant to section 2-1301(c) of the Code. Section 1301(c) provides, in pertinent part, that:

"Except as otherwise limited by this subsection (c), any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process.

_____

[2] There was a similar confession of judgment clause in the Note.

[3] The Serpes' motion to vacate appears to contain a typographical error stating that it was brought pursuant to "735 ILCS § 5/2-140(f) [*sic*]."

- 4 -

> *The application to confess judgment shall be made in the county in which the note or obligation was executed* or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants. A judgment entered by any court in any county other than those herein specified has no force or validity*, anything in the power to confess to the contrary notwithstanding.*" (Emphases added.) 735 ILCS 5/2-1301(c) (West 2022).

The Serpes asserted that the Note was executed in Maricopa County, Arizona, that the Serpes have lived in Maricopa County for the last 22 years, and that they did not own any real or personal property in Cook County. The Serpes asserted that the judgment by confession was therefore void because none of the "jurisdictional criteria" in section 2-1301(c) had been met.

¶ 12    In response, Bottalla pointed out that the Guaranty contained a choice of venue clause that expressly provided that the Guarantor agreed to submit to the jurisdiction of the courts of Cook County. Bottalla asserted that this written consent was fatal to the motion to vacate. Bottalla further contended that by the plain terms of the Guaranty, the Guaranty was deemed to have been executed in Cook County. Bottalla noted that the Guaranty contained a clause that provided that it would take effect when received by the Lender. That clause provided that the Guaranty would "take effect when received by the Lender without the necessity of any acceptance by Lender ***." Bottalla maintained that the original lender, First Nations Bank, was located in Cook County and the Guaranty became effective when it received the documents in Cook County.

¶ 13    The Serpes replied that the choice of venue clause in the Guaranty could not supersede the express language of section 2-1301(c) that "a judgment entered by a court in any county other than those herein specified has no force or validity, *anything in the power to confess to the contrary notwithstanding.*" (Emphasis in original.) The Serpes asserted that the Guaranty in this case

required the signature of only one party and therefore was executed in Maricopa County where the Serpes signed it.

¶ 14    The court's order on the motion to vacate indicates that oral argument was held, but there is no report of proceedings included with the record filed on appeal. The court's written order reflects that it considered the parties' briefs, the oral argument of the parties, and the precedent the parties cited in their pleadings. The court denied the motion to vacate.

¶ 15    The Serpes filed a timely notice of appeal two weeks later. We find that we have jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303(a) (eff. July 1, 2017).

¶ 16                                    II. ANALYSIS

¶ 17    On appeal, the Serpes contend that the court erred in denying their motion to dismiss the judgment by confession where Cook County was not the proper venue for the proceedings. The Serpes maintain that pursuant to section 2-1301(c), a complaint for confession of judgment could only be filed in Maricopa County, Arizona, because that is where the Guaranty and Note were executed.

¶ 18                              A. Standard of Review

¶ 19    Before proceeding to the merits, we must first address the standard of review to be applied in this case. The Serpes contend that we should review the court's denial of their motion to vacate *de novo* because the court's decision was a matter of statutory interpretation, and the court based its decision solely on the parties' written submissions. Bottalla asserts that we should review the court's judgment for abuse of discretion because the court made a factual determination regarding the location where the Guaranty and Note were executed.

¶ 20    Neither party addresses the fact that the Serpes' motion to vacate was brought pursuant to section 2-1401 of the Code. Section 2-1401 "authoriz[es] a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. The Serpes' mistakenly labeled their pleading as a motion; however, a filing to vacate a judgment pursuant to section 2-1401 is more appropriately characterized as a "petition" because it is the equivalent of a complaint in a new proceeding rather than a request for relief in pending litigation. See 735 ILCS 5/2-1401(a) (West 2022) (relief under section 2-1401 "may be had upon petition"); *Studentowicz v. Queen's Park Oval Asset Holding Trust*, 2019 IL App (1st) 181182, ¶ 9 (a pleading's character is determined by its content and not its label). Likewise, Bottalla should not have filed a "response" to the Serpes' section 2-1401 pleading, but should have "pleaded to it as if it were a complaint, such as by filing an answer, or a motion [to dismiss] under section 2-615 or 2-619" of the Code (735 ILCS 5/2-615, 2-619 (West 2020)). *Casteel v. Jiminez*, 2022 IL App (1st) 201288, ¶ 20. Nonetheless, we find that these mischaracterizations were not fatal to the proceedings as the pleadings were the functional equivalent of briefs that served to frame a strictly legal question for the circuit court and this court. *Id.* (citing *Studentowicz*, 2019 IL App (1st) 181182, ¶ 9).

¶ 21    Moving to vacate a judgment by confession pursuant section 2-1401 within two years of the entry of the judgment is one of the five recognized ways a defendant may challenge a judgment by confession. *Charles v. Gore*, 248 Ill. App. 3d 441, 450 (1993); 735 ILCS 5/2-1401(c) (West 2022) ("the petition must be filed not later than 2 years after the entry of the order or judgment."). The Serpes filed their motion to vacate the judgment by confession pursuant to section 2-1401(f) of the Code. Section 2-1401(f) provides that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure

that relief." 735 ILCS 5/2–1401(f) (West 2022). Section 2-1401(f) does not itself provide a statutory vehicle for seeking relief from a void order or judgment, but merely states the well-established common law rule that a void judgment is subject to collateral attack at any time. *Reynolds v. Burns*, 20 Ill. 2d 179, 192 (1960); *Herrera v. Herrera*, 2021 IL App (1st) 200850, ¶ 35.

¶ 22 The standard of review from an order denying a petition brought pursuant to section 2-1401 depends on whether the petition is based on factual matters or solely raises questions of law. *Warren County*, 2015 IL 117783, ¶¶ 47-51. Where the petition raises a fact-dependent challenge to the circuit court's final judgment, the petitioner must set forth specific factual allegations to establish: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *Smith v. Airoom*, 114 Ill. 2d 209, 220-21 (1986). Whether to grant the relief sought within the petition is within the sound discretion of the trial court and, accordingly, a reviewing court will reverse the circuit court's ruling on the petition only if it constitutes an abuse of discretion. *Id.* at 221.

¶ 23 However, where a section 2-1401 petition raises a purely legal challenge to a judgment by alleging that it is void under subsection (f) of section 2-1401, our review is *de novo. Warren County*, 2015 IL 117783, ¶ 47 (citing *People v. Vincent*, 226 Ill. 2d 1, 5 (2007)). In such circumstances, the equitable considerations that factor into a traditional 2-1401 analysis are inapplicable. *Id.* " '[T]he allegation [in a section 2-1401 petition] that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence.' " *Id.* ¶ 48 (quoting *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002)).

¶ 24     In this case, the Serpes' section 2-1401 petition raised a purely legal challenge to the circuit court's order that the judgment was void pursuant to section 2-1401(f). The Serpes asserted that the court's judgment was void because the "jurisdictional criteria" in section 2-1301(c) had not been satisfied. The Serpes' petition was therefore based solely on the law and did not purport to raise factual matters that were not known at the time of judgment that would have prevented the entry of judgment. *Juszczyk v. Flores*, 334 Ill. App. 3d 122, 126 (2002). Even assuming that the court's ruling was based on a determination of where the Guaranty and Note were executed, as discussed below, this is a legal determination, not a factual one. Accordingly, our standard of review is *de novo.*

¶ 25                                B. Confession Judgments

¶ 26     The power to confess judgment is derived from section 2-1301(c) of the Code, which provides that " 'any person for a debt bona fide due may confess judgment by himself or herself or attorney duly authorized, without process.' " *Cole v. Davis*, 2016 IL App (1st) 152716, ¶ 22 (quoting 735 ILCS 5/2-1301(c) (West 2000)). The statute does not apply to consumer transactions and has certain jurisdictional requirements. *Id.* As relevant here, "[t]he application to confess judgment shall be made in the county in which the note or obligation was executed or in the county in which one or more of the defendants reside or in any county in which is located any property, real or personal, owned by any one or more of the defendants." 735 ILCS 5/2-1301(c) (West 2022). If a court in a county other than the county where the note or obligation was executed or in which one or more of the defendants resides or owns property, enters a confession judgment, that judgment has no "force or validity"; or, in other words, is void, regardless of the language in the power to confess. See *Green v. Walsh*, 5 Ill. App. 2d 535, 539 (1955) (The statute "expressly declares that any judgments entered in any other county, whether entered in term time or in

vacation, shall have no force or validity. This is an express declaration that the judgments are void."); see also 735 ILCS 5/2-104(a) ("No order or judgment is void because rendered in the wrong venue, except in case of judgment by confession as provided in subsection (c) of Section 2-1301 of this Act."). Thus, to the extent that the language in the power to confess conflicts with section 2-1301(c), that language must yield to the statute.

¶ 27   This rule stems from the fact that courts view judgments by confession "circumspectly." *Oakland National Bank v. Tomei*, 215 Ill. App. 3d 638, 640 (1991). " 'The power to confess a judgment must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void. [citations].' " *Grundy County National Bank v. Westfall*, 49 Ill. 2d 498, 501 (1971) (quoting *Wells v. George W. Durst Chevrolet Co.*, 341 Ill. 108, 111 (1930)). "The policy underlying this rule of strict construction against the party in whose favor the power operates is based on the severity of the summary proceeding itself. The party granting such authority deprives himself of all defenses and delay of execution and places his cause in the hands of a hostile defender." *Oakland National Bank*, 215 Ill. App. 3d at 640. Accordingly, we find that the choice of venue provisions in the Guaranty and Note do not control here, and the relevant inquiry is whether the Guaranty and Note were "executed" in Cook County.[4]

¶ 28   The Serpes contend that the Guaranty and Note were executed in Arizona because that is where they signed the documents and placed them in the mail. The Serpes maintain that the Guaranty and Note were executed at that point because that is when they lost possession of the papers and lost the right to reclaim them. Bottalla does not dispute the Serpes' representations that they signed the Guaranty and Note in Arizona and placed the documents into the mail there.

---

[4] The parties do not dispute that the Serpes do not reside in Cook County and do not own any real or personal property in Cook County.

Bottalla asserts, however, that the Guaranty and Note were executed in Cook County because that is where the documents were received. Bottalla points out that the Guaranty provides that it becomes effective upon receipt by the lender and maintains that the final step in executing the Note was when the funds were disbursed by the lender in Cook County.

¶ 29    In support of their contention that the Guaranty was executed in Arizona when they signed it, the Serpes rely on *Investors Commercial Corp v, Metcalf*, 13 Ill. App. 2d 99 (1957) and the authority cited therein.

¶ 30    In *Metcalf*, the defendants signed a note containing a judgment by confession at their home in Paris, Edgar County, Illinois. *Id.* at 101. They then manually delivered the note to an agent for the payee in Edgar County. *Id.* The agent forwarded the note to the payee in Cook County for "approval." *Id.* The payee later negotiated the note to the plaintiff, which confessed judgment on the note in Cook County. *Id.* The defendants filed a motion to vacate the confession judgment on the basis that they did not execute the note in Cook County, they did not reside in Cook County, and did not own any real or personal property in Cook County. *Id.* The plaintiff responded that the note was executed in Cook County because that is where the papers were approved and accepted by agents of the payee. *Id.* The circuit court vacated the confession judgment and dismissed the proceedings. *Id.* at 102.

¶ 31    On appeal, the plaintiff contended that the defendants conditionally delivered the note when they submitted it to the payee's agent, but the delivery did not take place until the payee accepted the note in Cook County. *Id.* at 103. The court noted that, "[a] delivery may be conditional in the sense that it is to take effect only on the happening of a future contingency, and in order for the delivery to be conditional it must appear that there was a mutual understanding that the instrument was to be ineffective until the performance of the condition." *Id.* The court examined

the Illinois supreme court's decision in *Burr v. Beckler*, 264 Ill. 230 (1914), in which the supreme court held that delivery and execution occur when a maker parts with possession of a note and loses all control over the papers and all right to retake or reclaim them. *Id.* at 103-104. The *Metcalf* court observed that the appellate court reached a similar conclusion in *George v. Haas*, 229 Ill. App. 648 (1923) (*rev'd on other grounds*, 311 Ill. 382 (1924)), where the court held, "the note having been retained after it was received, the acceptance must be deemed to have been at the place of delivery since it was there that the maker lost control over it." *Id.* at 104. The *Metcalf* court observed that the "question of acceptance ordinarily arises only where there has been a conditional delivery in the proper legal sense by the maker." *Id.* The court determined that the legal delivery and execution of the note in this case took place in Paris, Illinois, when the defendants manually delivered it to an agent for payee. *Id.* at 104-05. The court therefore affirmed the circuit court's judgment that the confession judgment was void. *Id.* at 105.

¶ 32    The Serpes maintain that *Metcalf* and the authority cited therein support their contention that the Note and Guaranty were executed in Maricopa County, Arizona where they signed the documents and placed them in the mail thereby losing control over the papers and all right to retake or reclaim them. In response, Bottalla relies on this court's decisions in *Nationwide v. Knox*, 10 Ill. App. 3d 13 (1973) and *Financial Management Services, Inc. v. Sibilsky & Sibilsky*, 130 Ill. App. 3d 826 (1985), contending that the Guaranty and the Note were not executed until they were received and accepted by the lender in Cook County.

¶ 33    In *Knox*, the defendants entered into a contract to buy equipment from a corporation located in Cook County. *Knox*, 10 Ill. App. 3d at 13. The defendants signed the contract and securities agreement and placed them in the mail at their home in Elyria, Ohio. *Id.* The sale contract contained a confession of judgment clause that permitted the plaintiff to confess a judgment against the

defendants for the amounts due if payments were not made. *Id.* at 14. The contract also contained the following language, "in capital letters and bold type, directly above the place for defendants' signatures": " 'This contract shall not be binding upon seller or become effective until and unless accepted on behalf of seller's president, vice president, or treasurer in writing at Chicago, Illinois.' " *Id.* The only question on appeal was whether the contract was " 'executed' " in Cook County. *Id.*

¶ 34     The court determined that "basic contract law" supported the plaintiff's position that the contract was executed in Cook County when it was signed by the seller's representative. *Id.* at 14-15. The court observed that there was no indication that the defendants were not aware of the explicit language in the contract regarding the seller's acceptance. *Id.* at 15. The court noted that the language of an instrument can govern the mode of acceptance required, citing the Illinois supreme court's decision in *Baltimore & Ohio Southwestern R.R. Co. v. People ex rel. Allen*, 195 Ill. 423, 428 (1902), that " '[w]here the parties make the reduction of the agreement to writing, and its signature by them, a condition precedent to its completion, it will not be a contract until that is done.' " *Id.*

¶ 35     The *Knox* court determined that the proposal sent to the defendants in Ohio was an offer to purchase equipment from the seller. *Id.* The offer was accepted, as provided in the contract, by the seller's representative in Cook County. *Id.* "The final act necessary to render the contract 'executed' took place at that time and not before." (Internal quotation marks omitted.). *Id.* The *Knox* court distinguished *Metcalf* and *Solem Machine Co. v. Georgia Lumber & Vaneer, Co.*, 18 Ill. App. 2d 547 (1958) on the grounds that those cases involved promissory notes, which generally require the signature of only one party, whereas *Knox* involved a contract, which required the signatures of both parties. *Id.* at 15-16. The court also observed that the notes in *Metcalf* and *Solem*

- 13 -

*Machine* did not contain provisions that the note would not be binding until accepted by the payee in writing at a particular place. *Id.* at 16.

¶ 36    Finally, in *Sibilsky*, the plaintiffs obtained a judgment by confession against the defendants based on a promissory note. *Sibilsky*, 130 Ill. App. 3d at 828. The note was not signed by any of the defendants but was executed by the general manager of the plaintiff as attorney-in-fact for the defendants. *Id.* The general manager was granted this authority by virtue of a power of attorney form which appeared immediately below the note that stated he was given the "authority 'to execute [the] promissory note set forth above at any location within the State of Illinois *** in the capacit[ies] with respect to such note as [are] set forth with [the] name[s] below, and to deliver said note to Financial Management Services, Inc.' " *Id.* The defendants signed the power of attorney document twice, both as makers and guarantors on the note. *Id.*

¶ 37    As relevant here, the *Sibilsky* court rejected the defendants' contention that the application to confess judgment was invalid because it was not made in compliance with section 2-1301 of the Code. *Id.* at 834. Citing *Metcalf*, the court noted that where the documents contain no language to the contrary, a promissory note is deemed to be executed where it is signed by the payee and delivered to the payor. *Id.* at 835 (citing *Metcalf*, 13 Ill. App. 2d 99). Citing *Knox*, however, the court observed that "[w]here the instruments state that no agreement is formed until the note and its accompanying documents are accepted and signed by the payor, however, no contract is formed and thus no note executed until this is accomplished." *Id.* (citing *Knox*, 10 Ill. App. 3d at 15). The *Sibilsky* court concluded that in this case the express terms of the note provided that it became binding only upon the acceptance by the plaintiff and upon its acceptance and signature of the security agreement. *Id.* Accordingly, the court found that Cook County was the proper forum for the confession of judgment against the defendants. *Id.*

¶ 38    As these cases make clear, unless a note or securities agreement contains express language to the contrary, the agreement and accompanying promissory note are considered "executed" when they are signed by the payee and delivered to the payor. "Until the maker of a note parts with the possession and control of the instrument he may cancel it or dispose of it as he pleases, and a note is not executed until delivered." *Burr*, 264 Ill. at 236. This delivery may take place when the signed agreement is manually delivered to the payee, or the payee's agent, or when it is placed in the mail and the payor loses control over the papers and any right to retake or reclaim them. Thus, we must examine the language of the Guaranty and the Note here to determine whether there is express contract language to supersede this default rule.

¶ 39    Here, the Guaranty contains a "Duration of Guaranty" clause that provides: "This guaranty will take effect when received by Lender without the necessity of any acceptance by Lender, or any notice to Guarantor or to Borrower ***." Bottalla maintains that, like in *Knox* and *Sibilsky*, the express language in the Duration of Guaranty clause supersedes the "default" execution considerations described in *Metcalf*, *Burr*, and *George*, and requires us to find that the Guaranty and Note were not executed when the Serpes mailed them, but were executed when the documents were received by the lender in Cook County. In making this argument, however, Bottalla conflates the point in which the Guaranty and the Note "take effect" with when they were "executed."

¶ 40    As noted, section 2-1301(c) concerns "the county in which the note or obligation was executed" (735 ILCS 5/2-1301(c) (West 2022)), not the county in which the note or obligation "take[s] effect." It is axiomatic that an agreement's "execution" is not synonymous with its "effectiveness." See, *e.g.*, *Asset Recovery Contracting, LLC v. Walsh Construction Co. of Illinois*, 2012 IL App (1st) 101226, ¶ 62 ("We reiterate the long-standing observation of our courts that the date of execution of a contract is not necessarily the date of the contract."). A contract may be

executed after it takes effect and relate back to its effective date, like in *Asset Recovery* (" 'that is, contractual terms may be effective for a period before the contract is executed, so long as such coverage is clear from the face of the contract.' ") (*Id.* (quoting *Grubb & Ellis Co. v. Bradley Real Estate Trust*, 909 F.2d 1050, 1054 (7th Cir. 1990)), or a contract may be executed before it is effective, like in the case of deeds or leases. *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1003 (2010). The language in the Duration of Guaranty clause affected the date the Guaranty became effective, but it did not impact when the agreement was executed. Compare the language in that clause with the language in the agreements in *Knox* and *Sibilsky*, which explicitly stated that the agreements were not "binding" until formally accepted by the plaintiffs. Having designated the manner in which the proposal should be accepted, no other form of acceptance would have been effective to bind the parties. *Brophy v. City of Joliet*, 14 Ill. App. 2d 443, 453 (1957). This formal acceptance was a condition precedent to the formation of the contract. *Baltimore & Ohio Southwestern R.R. Co.*, 195 Ill. at 428. In contrast, the Duration of Guaranty clause here specifically provided that no formal acceptance by the lender was required. There was therefore no "future contingency" upon which the execution was conditioned. *Metcalf*, 13 Ill. App. 2d at 103. Notably, in both *Knox* and *Sibilsky*, the formal acceptance took the form of signatures on the documents by the seller or payee, or their representative. In this case, only the Serpes signed the Guaranty and Note, but the lender did not.[5] This further demonstrates that the parties were bound by the terms of the Guaranty when the Serpes signed and delivered it.

¶ 41    Finally, we are not persuaded by Bottalla's contention that the Guaranty and Note were executed in Cook County because that is where the lender disbursed the funds. That concerns the

---

[5] We observe that Anthony J. Bottalla also signed the Note, but he did so in his capacity as a shareholder of Cars 2 Go, Inc. and Dynasty Finance, Inc., not as a representative for the lender, First Nations Bank.

performance of the agreement, not its execution. Accordingly, we find that the Guaranty and Note were "executed" when the Serpes "delivered" them, *i.e.*, signed the documents and then placed them into the mail in Maricopa County, Arizona and lost all control over the papers and the right to retake or claim them. Therefore, we find that, pursuant to section 2-1301(c), Cook County was not the proper venue for the confession of judgment action, and we find the judgment of the circuit court is void.

¶ 42                                III. CONCLUSION

¶ 43     For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand the matter with instructions to vacate the judgment and dismiss the suit.

¶ 44     Reversed and remanded with instructions.