Estado Libre Asociado de Puerto Rico, demandante y apelado, *v.* Isla Verde Investment Corporation y Caribbean Insurance Company, demandados y apelante la segunda.

*Número:* O-68-317          *Resuelto:* 15 de enero de 1970

*Elmer Toro Luchetti* e *Isaías Rodríguez Moreno,* abogados de la apelante Caribbean Insurance Co.; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El constructor de la Urbanización Extensión Villamar de Carolina se obligó con la Junta de Planificación a llevar a cabo determinadas obras en la mencionada urbanización. Para garantizar la construcción de esas obras suscribió el siguiente documento:

"Para asegurar y garantizar a El Estado Libre Asociado de Puerto Rico el cumplimiento de esta obligación prestaré una fianza con una compañía aseguradora, debidamente autorizada, por la suma de $10,784.40 más el diez (10) por ciento de dicho montante que se considera como una cantidad penal (penalty) que sumado al mismo asciende a $11,862.84. Me comprometo y convengo en pagar dicha cantidad a El Estado Libre Asociado de Puerto Rico por concepto de daños líquidos (liquidated damages) en su totalidad o aquella parte de la misma que fuere necesario, según se detalla más adelante. En este último caso se descontará de dicha cantidad el montante que cubre las obras ya realizadas a satisfacción de la Junta de Planificación, en caso

que las facilidad(es) y mejora(s) arriba requeridas no sean terminadas por cualquier causa, dentro del período de un año según convenido.

Para determinar el montante de los daños líquidos (liquidated damages), en caso de que las obras sean empezadas pero no terminadas dentro del período de un año, expresamente autorizo a la Junta de Planificación a estimar el costo de las facilidad(es) y mejora(s) que por cualquier causa no hayan sido realizada(s) incluyendo, desde luego, el diez por ciento del costo estimado de las obras aún por realizarse como parte de los daños líquidos (liquidated damages), sufridos por el Estado Libre Asociado de Puerto Rico.

Para llevar a cabo este estimado de costo, convengo y autorizo a la Junta de Planificación para que tome como base para computarlo, el estimado del costo de las facilidad(es) y mejora(s) hecho por la Junta y aprobado por mí, por creerlo justo y razonable, el cual aparece al principio de esta obligación.

Por la presente hago confesión de sentencia sin acción o juicio, por la cantidad a que asciendan, después de computados, según y como se expresa y autoriza en la obligación que antecede y que se hace formar parte de esta confesión los daños líquidos (liquidated damages), a favor de el Estado Libre Asociado de Puerto Rico, más cinco (5) dólares para costas, autorizándole por consiguiente, a obtener sentencia contra mí, para lo que me someto a la jurisdicción del Tribunal que tenga competencia por razón de la cuantía envuelta, cuya sentencia para todos los efectos será final y firme. La certificación bajo juramento, de un ingeniero, debidamente autorizado, de la propia Junta de Planificación contentiva de facilidades que faltan por construirse, o proveerse será suficiente para hacer el cómputo necesario para dictar la sentencia sin acción o juicio. Esta certificación será notificada por la Junta de Planificación por lo menos con cinco (5) días de antelación a cualquier acción que tome la misma para el cobro de cualquier cantidad a favor de El Estado Libre Asociado de Puerto Rico por incumplimiento de esta obligación.

Esta confesión de sentencia sin acción o juicio que autorizo es para asegurar a El Estado Libre Asociado de Puerto Rico contra una responsabilidad eventual, siendo los hechos constitutivos de tal responsabilidad los expuestos en la obligación que

antecede y que se hace formar parte de esta confesión de sentencia sin acción o juicio, los que demuestran que la suma confesada no excede del importe de la responsabilidad contraída, afirmando a la vez bajo juramento que los hechos son como queda dicho y no de otra manera.

Asimismo me comprometo y convengo en renunciar o abandonar cualquier objeción, falta o error que yo pudiese alegar existe o pudiera existir en esta confesión de sentencia sin acción o juicio.

Esta obligación se hará formar parte del contrato de fianza y tal acto significará la aceptación por parte de la compañía aseguradora de responder por el fiel cumplimiento de la misma, considerándose a dicha compañía aseguradora como obligada solidaria y mancomunadamente a todos los efectos legales."

El anterior acuerdo se hizo formar parte del contrato de fianza que a favor del Estado Libre Asociado suscribieron el contratista y la Caribbean Insurance Co. como fiadora.

Según lo convenido se solicitó se dictara sentencia por confesión por la suma de $11,862.84, valor de las obras a realizarse de acuerdo con la forma convenida.

La Caribbean Insurance no fue emplazada. Compareció en autos al solo efecto de impugnar la jurisdicción del tribunal.

El tribunal desestimó la pretensión de la compañía fiadora y dictó sentencia según le fue pedido. La fiadora apeló. Sostiene que está presente una seria cuestión constitucional: dictar sentencia sin emplazarla.

Los Arts. 358, 359 y 360 del Código de Enjuiciamiento Civil, vigentes todavía, establecen el procedimiento para obtener una sentencia por confesión. (¹) Disponen así:

Artículo 358

"Podra dictarse sentencia sin celebración de juicio fundada en la confesión de una persona, ya sea por dinero debido o que

---

(¹) Estas disposiciones corresponden a los Arts. 1132, 1133 y 1134 del Código de Procedimiento Civil de California y a los Arts. 3955, 3956 y 3957 del de Idaho.

haya de deber o para asegurar a otra contra responsabilidades eventuales contraídas a favor del demandado, o por ambas cosas, en la forma prescrita en este capítulo. Dicha sentencia podrá dictarse por cualquier corte que tenga competencia por razón de la cuantía."

### Artículo 359

"El demandado en una exposición escrita, firmada por él y justificada con su juramento hará constar lo que sigue:

1. Su autorización para que se dicte sentencia por una suma determinada.

2. Si fuere por dinero debido o que haya de deberse, expondrá concisamente los hechos origen de la deuda y demostrará que la suma confesada se debe o se deberá en justicia.

3. Si fuere con el fin de garantizar al demandante contra una responsabilidad eventual, expondrá concisamente los hechos constitutivos de la responsabilidad y demostrará que la suma confesada no excede del importe de la responsabilidad."

### Artículo 360

"La exposición se presentará al secretario de la corte que ha de registrar sentencia, quien la endosará y hará el oportuno asiento en el libro de registro de sentencias de la que pronuncie la corte por la cantidad confesada con cinco dólares para costas. La exposición con la declaración escrita y jurada y la sentencia endosada constituirán los autos del caso."

Estos artículos recogen una práctica consagrada en la *common law. Investors Commercial Corporation* v. *Metcalf*, 140 N.E.2d 924 (1957). Es un procedimiento sumario por convenio y se utilizan las instituciones establecidas por el estado para hacerlo efectivo. Una parte confiesa que adeuda a otra determinada cantidad y acepta que se le dicte sentencia en su contra, sin más. Para garantizar que no se cometan abusos, el Art. 359 requiere que bajo juramento el deudor establezca los hechos que dieron margen a la obligación. Las cortes exigen que se cumpla estrictamente con el procedimiento establecido. Usualmente la más leve variación lo invalida. *González* v. *López Quiñones*, 46 D.P.R. 843 (1934);

*French* v. *Willer*, 18 N.E. 811 (1888) ; *Public Finance Corp.* v. *Barnes*, 165 N.E.2d 696 (1960) ; *Travis* v. *Foreman*, 220 N.E.2d 648 (1966) ; *County National Bank* v. *Vogt*, 280 N.Y.S.2d 1016 (1967) ; *Giryluk* v. *Giryluk*, 289 N.Y.S.2d 458 (1968). Pero la ley no requiere, ni el debido procedimiento lo demanda, que antes de dictarse sentencia el demandado sea emplazado. Convino que así se hiciera. Como expresó el Tribunal Supremo de los Estados Unidos en *National Equipment Rental* v. *Szukhent*, 375 U.S. 311 (1964) : ". . . está establecido, como los tribunales de instancia lo reconocen, que las partes en un contrato pueden pactar de antemano el someterse a la jurisdicción de determinado tribunal, el permitir que la notificación sea diligenciada por la otra parte y más aun, el renunciar a ser notificadas." En *González* v. *López Quiñones*, supra, consideramos este procedimiento establecido por los Arts. 358, 359 y 360 y reconocimos la validez del mismo. Ahora bien, el deudor demandado no está huérfano de remedios. Se le ha reconocido el derecho de solicitar se deje sin efecto la sentencia, aunque claro está, los tribunales ejercen su discreción al considerar estas mociones. (²) Ver a ese efecto: *Frigidinners, Inc.* v. *Branchtown Gun Club*, 109 A.2d 202 (Pa. 1954) ; *Highway Realty Co.* v. *Blake*, 183 N.E.2d 886 (Ill. 1962) ; *Coon* v. *District Court In And For County of Boulder*, 420 P.2d 827 (1966).

■ En nuestra jurisdicción la Regla 49.2 de las de Procedimiento Civil ofrece el remedio adecuado para atacar la validez de las sentencias que se dicten de acuerdo con este procedimiento. *Bowles* v. *J. J. Schmitt & Co.*, 170 F.2d 617 (2d Cir. 1948). *Cf. Stevens* v. *Stevens*, 74 Cal. Rptr. 54 (Ct. App. 2d Dist. 1968).

---

(²) El procedimiento autorizado por los Arts. 358, 359 y 360 puede prestarse a serios abusos. *Investors Commercial Corporation* v. *Metcalf*, 140 N.E.2d 924 (1957), específicamente en casos de ventas a plazos y préstamos pequeños. Consciente de esto en Nueva York se exceptuaron de la aplicación de disposiciones similares, a las nuestras, las ventas a plazos con valor menor de $1,500. 7B McKinney's Forms CPLR Sec. 3201 (1963).

*Estando el procedimiento convenido entre las partes autorizado por nuestra legislación y no adoleciendo el mismo de reparo constitucional alguno, procede confirmar la sentencia que dictó el Tribunal Superior, Sala de San Juan en 27 de septiembre de 1968.*

El Juez Presidente Señor Negrón Fernández no intervino al igual que los Jueces Asociados Señores Hernández Matos, Blanco Lugo y Torres Rigual.