ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PAISAJES DE PRAGA LLC<br><br>Peticionarios<br><br>v.<br><br>LUQUILLO DEVELOPMENT, S.E.<br><br>Recurridos | KLCE202301222 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Fajardo<br><br>Civil núm.: NSCI20140002<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de marzo de 2024.

Mediante un recurso de *certiorari*, comparece la parte peticionaria, Juan José Crespo Rivera (señor Crespo Rivera o peticionario). Nos solicita la revisión de una *Resolución* post sentencia, emitida el 2 de octubre de 2023 y notificada el 4 de octubre de 2023, por el Tribunal de Primera Instancia, Sala de Fajardo (TPI). En el aludido dictamen, el TPI declaró *No Ha Lugar* la solicitud de reconsideración interpuesta por el señor Crespo Rivera, relacionada, a su vez, con la previa denegación de una solicitud de relevo de sentencia, emitida el 7 de septiembre de 2023 y notificada al día siguiente.

**I.**

La presente causa se originó el 1 de septiembre de 2023, ocasión en que la parte peticionaria instó un escrito intitulado *Moción de relevo de sentencia por falta de jurisdicción por razón de falta de parte indispensable y urgente solicitud de paralización de*

---

[1] Mediante la Orden Administrativa TA-2024-012 de 18 de enero de 2024, se designó al Hon. José I. Campos Pérez en sustitución de la Hon. Annette M. Prats Palerm.

*ejecución de sentencia por nulidad.*[2] En esencia, el señor Crespo Rivera alegó la nulidad de la *Sentencia* emitida el 23 de enero de 2014, notificada el día 27 de enero de 2014, bajo el fundamento de falta de parte indispensable.[3] En dicho pronunciamiento judicial, el TPI reprodujo las estipulaciones allegadas por la parte recurrida, de conformidad con la *Solicitud jurada de sentencia por consentimiento a tenor con la Regla 35.4 de las de Procedimiento Civil.*[4] Como resultado de los acuerdos, Luquillo Development S.E. se comprometió a pagar al también recurrido Paisajes de Praga, LLC[5] las acreencias dinerarias adeudadas al 30 de octubre de 2013.[6] De éstas no satisfacerse, el deudor consintió a la expedición de los mandamientos de ejecución correspondientes para la venta en pública subasta de la propiedad inmueble gravada con cuatro hipotecas: finca Consuelo.[7]

No obstante, el señor Crespo Rivera argumentó en su solicitud de relevo de sentencia que era parte indispensable y, al no haber formado parte del caso, adujo que el referido dictamen era nulo. En específico, indicó que ostentaba una participación en Luquillo Development de 33.34%.[8] Planteó que se requería el **voto mayoritario** de los socios para la adopción de "decisiones mayores" que pudiesen afectar la sociedad. A esos efectos, peticionó el decreto de nulidad de la aludida *Sentencia* y la paralización de los procedimientos de su ejecución.

---

[2] Apéndice del recurso, págs. 368-379.
[3] Apéndice del recurso, págs. 113; 114-117.
[4] Apéndice del recurso, págs. 91-110; 111-112. En el Apéndice de Luquillo Development, págs. 1-16; 17-28, se incluye incompleto el *Forbearance and foreclosure agreement* de 30 de octubre de 2013.
[5] Paisajes de Praga, LLC sustituyó a Bautista REO PR Corp. que, a su vez, había sustituido al sucesor de Doral Bank, Doral Development II, LLC. Véase, Apéndice del recurso, págs. 282-283 y anejos a las págs. 284-319; 323-323.
[6] Al 30 de octubre de 2013, la deuda ascendía a $12,113,097.20, principal e intereses, por virtud de un préstamo a término, el préstamo 80-00000448 y el préstamo 80-00000314.
[7] Finca 9483, inscrita al folio 70 del tomo 170 de Luquillo, Sección de Fajardo. Los gravámenes hipotecarios a favor del acreedor y los tipos mínimos de la primera subasta son por $14,565,000; $1,350,000; $150,000 y $300,000.
[8] Véase, Apéndice del recurso, págs. 42-51, así como los instrumentos públicos enmendadores, a las págs. 78-83; 84-87.

En su solicitud, además, el señor Crespo Rivera mencionó un pleito instado el 24 de marzo de 2023 (FA2023CV00248), en el que solicitó la división de los bienes en comunidad, toda vez que la existencia de Luquillo Development expiró. Añadió también que procuró la anotación de demanda en el Registro de la Propiedad.[9]

Paisajes de Praga se opuso a la petición el 5 de septiembre de 2023.[10] Sostuvo que el señor Crespo Rivera no era parte indispensable. Acotó que el peticionario no era el tenedor de los pagarés que gravaban la finca. Además, aclaró que el señor Crespo Rivera estuvo bajo la protección de la Corte de Quiebras, Capítulo 7, por lo que no pudo ser incluido como parte. Aseveró que, en dicho proceso, el peticionario omitió divulgar la totalidad de sus activos al síndico, para que éste pudiera comparecer como único representante del caudal en quiebra. Igualmente, aseguró que el señor Crespo Rivera adoptó el mismo proceder cuando, en el pleito FA2023CV00248, el TPI determinó paralizar los procedimientos hasta que el peticionario reabriera el caso en el foro federal y el síndico decidiera si prosigue la causa de acción o permite al peticionario continuarla.[11]

Ponderados los planteamientos, el 7 de septiembre de 2023, archivada en autos la notificación de la *Orden* al otro día,[12] el TPI expresó: "*No Ha Lugar. En cuanto al relevo de Sentencia y solicitud de paralización*". (Cursivas en el original). No conteste con la anterior determinación, el señor Crespo Rivera solicitó la reconsideración del dictamen.[13] Paisajes de Praga, por su parte,

---

[9] El peticionario adujo que anotó una prohibición de enajenar, pero la misma no surge de las constancias del Registro de la Propiedad. Apéndice del recurso, pág. 487.

[10] Apéndice de Paisajes de Praga, págs. 139-148, anejos a las págs. 149-206.

[11] Apéndice de Paisajes de Praga, págs. 126; 127-129; 130; 131-134.

[12] Apéndice del recurso, pág. 380. La parte peticionaria solo incluyó la notificación del dictamen.

[13] Apéndice del recurso, págs. 393-411.

reiteró su oposición.[14] El 2 de octubre de 2023, notificada el día 4 siguiente, el TPI declaró *No Ha Lugar* la reconsideración.

Aún insatisfecho, el señor Crespo Rivera presentó oportunamente el recurso del título en el que adujo que el TPI cometió los siguientes errores:

> Erró el TPI al denegar la Moción de Reconsideración de la Moción de Relevo de una sentencia nula *ab initio* por haber sido emitida sin jurisdicción por falta de parte indispensable.

> Erró el TPI al no detener la subasta pública en ejecución de una sentencia nula ni paralizar sus efectos, afectando irremediablemente el derecho propietario del Peticionario, quien no fue notificado del pleito según exige nuestro ordenamiento jurídico.

> Erró el TPI al no tomar conocimiento judicial de la Demanda en el caso *Crespo Rivera v. Crespo Rivera; et al.*, Civil Núm. FA2023CV00248, ni de las transacciones comerciales acreditadas en el mismo sobre la titularidad de las propiedades objeto de ejecución en el caso de cuya orden se recurre.

Las partes recurridas, Paisajes de Praga y Luquillo Development, presentaron sendos alegatos el 21 de noviembre y 11 de diciembre de 2023, respectivamente.

En síntesis, Paisajes de Praga se reafirmó en que el señor Crespo Rivera no ostentaba legitimación, sino el síndico de quiebras, como único representante del caudal y sucesor de las causas de acción del quebrado, en caso de reabrirse el procedimiento de quiebra. A esos fines, denunció el presunto acto fraudulento del peticionario, quien ocultó al foro federal lo que ahora pretende reclamar. Afirmó que, al momento de presentarse el pleito del título sobre cobro de dinero y ejecución de hipoteca, el peticionario invocó a su favor la protección de la paralización automática que provee el estatuto federal. Sostuvo, además, que el asunto de parte indispensable o con interés fue dilucidado, de manera final y firme, en el caso FA2023CV00248. Por último, resaltó que el recurrente aún le adeudaba una cuantía millonaria.

---

[14] Apéndice del recurso, págs. 412-421, anejos a las págs. 422-475.

De otro lado, Luquillo Development coincidió con algunos de los planteamientos de Paisajes de Praga. A su vez, subrayó que las estipulaciones que sirvieron de base para la *Sentencia* por consentimiento contaron con el voto de la mayoría de sus socios, en referencia al Grupo Crespo, S.E., representado por Agustín Crespo Rivera y José Antonio Crespo Rivera. Unió a su alegato los documentos denominados *Luquillo Development, S.E. special partnership authorization* y *Grupo Crespo, S.E. special partnership authorization*,[15] así como las escrituras públicas constitutivas de ambas sociedades.[16] Enfatizó que los únicos actos que requieren el consentimiento unánime son la admisión de nuevos socios, la transmisión de los oficios desempeñados de cada socio y cualquier tipo de gravamen sobre la participación de los socios.[17]

Con el beneficio de sus comparecencias, resolvemos.

**II.**

**A.**

El auto de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). El foro revisor tiene la facultad para expedir o denegar el recurso de *Certiorari* de manera discrecional. *García v. Padró, supra*. El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

---

[15] Apéndice de Luquillo Development, págs. 29-33; 46-48.
[16] Apéndice de Luquillo Development, págs. 34-43; 49-59.
[17] Apéndice del recurso, pág. 48.

justiciera..." *Pueblo v. Sánchez González,* 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra,* págs. 334-335.

El ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra,* pág. 335; *Pueblo v. Ortega Santiago, supra.*

Para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *Certiorari* en etapa de post sentencia, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de Certiorari,* 4 LPRA Ap. XXII-B, R. 40. Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es norma asentada que **este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

La Regla 35.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 35.4, establece el mecanismo para un pronunciamiento de *sentencia por consentimiento* o *sentencia por confesión*. En torno a este mecanismo, la referida Regla dispone así:

(a) Podrá dictarse sentencia sin la celebración de un juicio o sin haberse iniciado un pleito, fundada en el **consentimiento de una persona con capacidad legal para obligarse**, ya sea por dinero debido o que haya de deber o para asegurar a otra contra responsabilidades eventuales contraídas a favor de la parte demandada, o por ambas cosas, en la forma prescrita en esta regla. Una vez el Tribunal pase juicio, la misma será registrada y notificada por el Secretario o Secretaria del Tribunal y advendrá final y firme desde la fecha de su registro. (Énfasis nuestro).

.        .        .        .        .        .        .        .

Mediante la sentencia dictada bajo la Regla 35.4 de Procedimiento Civil, *supra*, una parte confiesa que adeuda a otra una suma dineraria y acepta que un tribunal dicte sentencia en su

contra, sin la celebración de un juicio plenario. *E.L.A. v. Isla Verde Inv. Corp.*, 98 DPR 255, 258-259 (1970). Es decir, la *sentencia por consentimiento* es aquella dictada a favor del demandante, cuando el demandado, en vez de oponerse, confiesa la reclamación a favor del primero. *González v. López Quiñones*, 46 DPR 843, 847 (1934). El proceso exige que se cumplan con los requisitos establecidos en la norma procesal, tal como que **el consentimiento fue suscrito bajo juramento por una persona con capacidad legal para obligarse**. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, T. III, Publicaciones JTS, 2011, pág. 1036. Asimismo, si bien el demandado que consiente el dictamen renuncia a instar un recurso de apelación, no está huérfano de remedios contra la sentencia por consentimiento que se dicte en su contra, ya que a éste se le ha reconocido el derecho de solicitar que se deje sin efecto el dictamen, al palio de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, sobre relevo de sentencia. *Id.*, pág. 1037; *E.L.A. v. Isla Verde Inv. Corp.*, *supra*, pág. 260. Los tribunales ejercen su discreción al considerar este tipo de petición. *Id.*

### C.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, autoriza al tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos; a saber: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo ser descubierta a tiempo para solicitar un nuevo juicio; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) **nulidad de la sentencia**; (e) la sentencia ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. *Id.* Esta regla no limita el poder del tribunal para "conocer de un pleito independiente con el propósito de relevar a una parte de una

sentencia, una orden o un procedimiento". *Id.* Igualmente, la Regla 49.2 consigna que una moción bajo esta norma no afecta la finalidad de una sentencia ni suspende sus efectos.

La Regla 49.2 de Procedimiento Civil, *supra*, establece que una moción de relevo se debe presentar dentro de un término razonable, pero "**en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento**". (Énfasis nuestro). El Tribunal Supremo de Puerto Rico ha resuelto que este plazo es **fatal**. *Piazza v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003), que cita con aprobación a *Sánchez Ramos v. Troche Toro*, 111 DPR 155, 157 (1981); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 937 (1971); *Srio. del Trabajo v. Tribunal Superior*, 91 DPR 864, 867 (1965). Claro está, dicho término es inaplicable cuando se trata de una sentencia nula. *Náter v. Ramos*, 162 DPR 616, 625 (2004). La determinación de si una solicitud de relevo de sentencia fue presentada dentro de un término razonable descansa en la discreción del Tribunal de Primera Instancia. *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823 (1980). El ejercicio de esa discreción ha de ser imparcial, de manera que adelante los fines de la justicia. *Id.*, págs. 823-824.

En su examen sobre la procedencia de una moción de relevo, el tribunal no dilucida los derechos de las partes ni las controversias jurídicas de la demanda, **solamente debe resolver si la parte promovente satisface o no los requisitos estatuidos**. El Tribunal Supremo ha opinado que se debe examinar si el peticionario tiene una defensa legítima en sus méritos; el tiempo que media entre la sentencia y la solicitud del relevo; y el grado de perjuicio que pueda ocasionar a la otra parte la concesión de la petición de relevo de sentencia. *Reyes v. ELA et al.*, 155 DPR 799, 809-810 (2001) y los casos allí citados. Asimismo, a pesar de que

la Regla 49.2 de Procedimiento Civil, *supra,* se interpreta liberalmente, el alto foro ha advertido que ésta no constituye una "llave maestra" para reabrir controversias ni es sustituta de un recurso de revisión o una moción de reconsideración. *Vázquez v. López,* 160 DPR 714, 726 (2003). Por ejemplo, la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba; éstos son fundamentos para la reconsideración o la apelación del dictamen. *García Colón et al. v. Sucn. González,* 178 DPR 527, 542-543 (2010).

### D.

La acumulación indispensable de partes está regulada por la Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16. Una *parte indispensable* "es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando esta persona ausente del litigio". *Consejo Cond. Plaza del Mar v. Jetter,* 169 DPR 643, 665 (2006); *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005). A estos efectos, la Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, estatuye que toda persona que tuviere un interés común, sin cuya presencia no pueda adjudicarse la controversia, se hará formar parte del pleito, ya sea como parte demandante o demandada, según corresponda. Esta regla aspira evitar que el ausente sea privado de su propiedad sin un debido proceso de ley y "que el remedio adjudicado sea completo". *Romero v. S.L.G. Reyes, supra,* págs. 733-734. Para determinar si se debe acumular una parte, es necesario **evaluar los hechos particulares de cada caso.** En dicho análisis deben tomarse en cuenta factores, tales como: **tiempo, lugar, modo, clase de derechos, alegaciones, prueba, intereses en conflicto, formalidad y resultado**. *Sánchez v. Sánchez,* 154 DPR 645, 678 (2001).

En ausencia de una parte indispensable, el tribunal carece de jurisdicción. *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677-678 (2012). Por ello, no es válida una sentencia dictada sin que se incluya a una persona que reúna los requisitos de parte indispensable. *Unisys v. Ramallo Brothers*, 128 DPR 842, 859 (1991).

**III.**

En los primeros dos señalamientos de error de la presente causa, el señor Crespo Rivera alega que el TPI incidió al no acoger su planteamiento en reconsideración, sobre la nulidad de la *Sentencia* de 23 de enero de 2014. Sostiene que el dictamen fue emitido sin jurisdicción, por falta de parte indispensable, y afirma que el TPI debió paralizar los efectos de su ejecución. Por su relación, discutimos ambos errores en conjunto.

Como cuestión de umbral, el peticionario pretende impugnar un dictamen luego de casi una década de su pronunciamiento, aun cuando el término provisto por la Regla 49.2 de Procedimiento Civil, *supra*, es de seis meses de haberse registrado. Para persuadir la intervención del TPI, alega que no tuvo conocimiento de la *Sentencia* por confesión, de la que arguye adolece de nulidad, porque él era una parte indispensable. No le asiste la razón.

Luego de un puntilloso examen del expediente ante nos, somos del criterio que la *Sentencia* por consentimiento no es nula, toda vez que se fundó en un acuerdo legítimo. Ello así, porque **una mayoría** de los socios de Luquillo Development, titular de la finca Consuelo, consintió bajo juramento los términos acordados con el acreedor hipotecario, al palio de la Regla 35.4 de Procedimiento civil, *supra*.

Según se desprende de la séptima cláusula, *Administración*, de la escritura pública 35 de 22 de junio de 1995, por virtud de la cual se constituyó la sociedad especial Luquillo Development,

únicamente se requería una aprobación mayoritaria de los socios para la adopción de decisiones de envergadura o decisiones mayores. Reza así el instrumento:

.     .     .     .     .     .     .     .

> 2. Sin embargo, el **socio Administrador no efectuará ningún acto** o incurrirá en ninguna deuda por la Sociedad con respecto a ciertas decisiones dentro de la definición y alcance de "**Decisiones Mayores**" que afecten la Sociedad, a menos que **estas decisiones mayores sean aprobadas mayoritariamente por los socios**. Las decisiones mayores serán las siguientes:
>
> a. Adquisición de propiedades inmuebles por la sociedad, cuyo valor exceda Doscientos Mil dólares ($200, 000.00).
>
> b. **Vender, transferir, hipotecar, gravar, enajenar, o llevar a cabo cualquier acto en cuanto a las propiedades inmuebles de la Sociedad en exceso de Doscientos Mil dólares ($200,000.00)** que no sea de pura administración. (Énfasis nuestro).

.     .     .     .     .     .     .     .

Es medular apuntar que la escritura 34 de 22 de junio de 1995, mediante la cual se creó la sociedad especial Grupo Crespo, socio mayoritario de Luquillo Development, comprende una cláusula idéntica.[18]

Para el 30 de octubre de 2013, fecha en que José Antonio Crespo Rivera y Agustín Crespo Rivera juramentaron la *Solicitud jurada de sentencia por consentimiento a tenor con la Regla 35.4 de las de Procedimiento Civil* —y de conformidad con las enmiendas a la escritura pública 35— los socios de la sociedad especial Luquillo Development eran el peticionario en un .01%, mientras que el **Grupo Crespo ostentaba el 99.99%** restante. A su vez, el Grupo Crespo se conformaba por una participación de 33.33% del peticionario, el **33.33% de José Antonio Crespo Rivera y el 33.34% de Agustín Crespo Rivera**.[19] Éste último, además, representaba ambas sociedades como gestor y administrador. Los señores José Antonio Crespo Rivera y Agustín Crespo Rivera, es

---

[18] Apéndice del recurso, pág. 34.
[19] Apéndice del recurso, págs. 31-41.

decir el **66.67% de la participación de Luquillo Development** y evidente mayoría, prestaron su anuencia jurada para que se dictara la *Sentencia* por consentimiento.[20] En consecuencia, es inmeritoria la alegación del señor Crespo Rivera sobre la nulidad del dictamen, ya que la transacción se realizó en observancia de las facultades que la escritura pública 35 confería a los socios.

A la luz de los hechos presentados, el deudor y titular de la finca Consuelo, Luquillo Development, constituía la parte indispensable para que se pudiera dictar la *Sentencia* por consentimiento. Sin duda, el ente jurídico compareció válidamente con el voto mayoritario de sus socios. Es forzoso colegir que el peticionario no logró derrotar la presunción de validez y corrección del pronunciamiento judicial[21] ni satisfizo ninguno de los fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*. Por lo tanto, no erró el TPI al denegar la solicitud de relevo presentada en exceso del plazo fatal de seis meses, a partir del registro del dictamen. Los errores primero y segundo no se cometieron.

Acerca del tercer señalamiento de error, sobre si el TPI debió tomar conocimiento del caso FA2023CV00248, ciertamente de la *Orden* recurrida no surge si el TPI, en efecto, tomó en consideración dicho caso. Si bien la Regla 49.2 de Procedimiento Civil, *supra*, no limita el poder del tribunal para conocer de un pleito independiente, con el fin de relevar a una parte de una sentencia, es meritorio mencionar que, en dicho pleito, el TPI dictó

---

[20] Huelga mencionar que, coetáneo a los acuerdos adoptados que sirvieron de base a la *Sentencia* por consentimiento, el señor Crespo Rivera se había acogido a las protecciones del Capítulo 7 de la Ley de Quiebras, mediante una petición instada el 10 de mayo de 2013. Obtuvo la descarga de las deudas el 29 de octubre de 2013, notificada el 1 de noviembre de 2013. En dicho procedimiento, el peticionario no divulgó al Tribunal de Quiebras sus participaciones en Luquillo Development ni en Grupo Crespo, por lo que privó al síndico de tomar alguna determinación con respecto a los activos y pasivos relacionados con ambas sociedades especiales.

[21] Véase, *López García* v. *López García*, 200 DPR 50, 59 (2018), que cita a *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989), *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445 (1977) y a *Cortés Piñeiro v. Sucn. A. Cortés*, 83 DPR 685, 690 (1961).

*Sentencia,*[22] mediante la cual desestimó, sin perjuicio, la causa de acción del señor Crespo Rivera. Del mismo modo, declaró sin lugar la reconsideración instada por éste.[23] La resolución desestimatoria del litigio aludido advino final y firme, al no ser apelada oportunamente. En lo que nos atañe, pues, no tenemos nada que proveer en torno al tercer señalamiento de error. Así, pues, evaluada la petición de *Certiorari* y su apéndice, no procede variar la determinación recurrida.

**IV.**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y confirmamos la *Orden* de 7 de septiembre de 2023, notificada el 8 de septiembre de 2023, y la *Orden* de 2 de octubre de 2023, notificada el 4 de octubre de 2023.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] La *Sentencia* en el caso FA2023CV00248 fue emitida el 7 de diciembre de 2023 y notificada el día 11 del mismo mes y año.
[23] La solicitud de reconsideración del peticionario fue denegada el 29 de diciembre de 2023, según notificado en la correspondiente *Orden.*